IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CR 386-3 |
| | ) | Honorable Judge Coar |
| | ) | Magistrate Judge Ashman |
| RODNEY RAY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**RODNEY RAY'S MOTION FOR ORDER DIRECTING THE
GOVERNMENT TO PRESERVE AND PRODUCE AGENT NOTES**

Defendant, RODNEY RAY ("MR. RAY"), by and through his undersigned attorney, respectfully moves this Court for the entry of an Order directing the Government to preserve the original notes prepared by any member of law enforcement (including any AUSA), or any member of any agency or investigative agency in connection with any interviews conducted that relates in any way to this action; to produce all such notes at least 60 days prior to trial; and to immediately disclose whether any such notes have been destroyed or lost. In support of this Motion, Mr. Ray states as follows:

1. Pursuant to Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure, notes prepared by an agent or prosecutor are potentially subject to discovery as part of a "statement."

2. Notes prepared by an agent or prosecutor are also potentially subject to discovery pursuant to 18 U.S.C., section 3500 ("*Jencks* Act"), or pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure; *see also United States v. Colon*, No. 97 CR 659, 1998 WL 214714 (N.D. Ill. April 21, 1998) (agent notes, and any report that they are part of, can be discovered).

3. Local Criminal Rule 16.1(a)(2) also requires the parties to agree to procedures for preserving the written notes of Government agents. Thus, courts have repeatedly held that notes should be preserved by the Government. *See, e.g., United States v. Lim*, No. 99 CR 689, WL 782964 (N.D. Ill. June 15, 2000); *United States v. Bontkowski*, 49 F.Supp.2d 1075 (N.D. Ill. 1999).

4. Here, Mr. Ray will be severely prejudiced if the notes are not preserved and produced. Conversely, the Government will not in any way be prejudiced by preserving and producing these notes 60 days prior to trial.

5. In addition, the Government has been investigating this case for a substantial period of time and has apparently already assembled its documents.

6. Thus, Mr. Ray's request is reasonable and necessary to allow him to fully and meaningfully prepare his defense.

7. Alternatively, even if the Court denies this Motion to the extent that it seeks the Government to produce the notes 60 days prior to trial, the Court should still require the Government to preserve such notes.

8. Furthermore, this Court should require the Government to immediately disclose if, and to what extent, any such notes have already been destroyed or lost.

**WHEREFORE**, Defendant, Rodney Ray, by his undersigned counsel, respectfully request the entry of an Order directing the Government to preserve the original notes prepared by any member of law enforcement (including any AUSA), or any member of any agency or investigative agency in connection with any interviews conducted that relate in any way to this action; to produce all such notes at least 60 days prior to trial; to immediately disclose whether any such notes have been destroyed or lost; and for such other and further relief as is appropriate under the circumstances.

Respectfully Submitted,

**By:**   /s/ *Michael I. Leonard*
Attorney for Defendant Rodney Ray

Michael I. Leonard
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: July 1, 2008

2

# CERTIFICATE OF SERVICE

     I, Michael I. Leonard, an attorney, certify that on July 1, 2008 I caused a copy of Rodney Ray's Motion for Order Directing the Government to Preserve and Produce Agent Notes, to be served on the attorney(s) of record through the Court's ECF filing and notice system on July 1, 2008.

                                Respectfully Submitted,

**By:**    /s/ *Michael I. Leonard*
            Michael I. Leonard