IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CR 386-3 |
| | ) | Honorable Judge Coar |
| | ) | Magistrate Judge Ashman |
| RODNEY RAY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RODNEY RAY'S MOTION FOR EARLY
PRODUCTION OF EXCULPATORY AND IMPEACHING INFORMATION**

Defendant, RODNEY RAY ("Mr. Ray"), by and through his undersigned attorney, respectfully moves this Court for the entry of an Order directing early production of exculpatory and impeaching information. In support of this Motion, Mr. Ray states as follows:

1. The prosecution has a Due Process duty to provide the defendant with favorable evidence. *Brady v. Maryland*, 373 U.S. 83 (1963). It is well-settled that favorable evidence within the meaning of *Brady* includes evidence that may impeach Government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972); *Strickler v. Greene*, 527 U.S. 263 (1999); *Kyles v. Whitley*, 514 U.S. 419 (1995).

2. Mr. Ray respectfully moves this Honorable Court for the entry of an Order requiring the Government to produce its *Brady/Giglio* material no later than sixty (60) days prior to trial.

3. The Government will likely argue that *Giglio* material need not be produced because, to do so, would run afoul of 18 U.S.C., section 3500. However, under the circumstances presented in this case, such eleventh hour disclosure of *Giglio* material would severely prejudice Mr. Ray's ability to adequately investigate, prepare for trial, and utilize such materials. Indeed, it could even lead to requests for continuances.

4. Moreover, the Government apparently presently possesses such materials, and has investigated this case for a significant amount of time. Therefore, the Government should not be allowed to hold such materials simply to gain a tactical advantage.

5.  Moreover, here, because of the absence of concerns for witness safety, and because the Government may already possess some of the requested materials, there is no potential adverse impact upon the Government, its witnesses, or its case – and any conceivable impact would be *de minimis*.

6.  In addition, Mr. Ray and his counsel will be engaged in a variety of trial preparation activities in the weeks leading up to trial, further necessitating the early production of the materials sought by this Motion.

7.  Therefore, fundamental fairness dictates that the *Brady/Giglio* materials be produced by the Government at least sixty (60) days prior to trial.

**WHEREFORE**, Defendant, Rodney Ray, by his undersigned counsel, respectfully request the entry of an Order directing the Government to make early production of exculpatory and impeaching information -- at least 60 days prior to trial -- and for such other and further relief as is appropriate under the circumstances.

Respectfully Submitted,

**By:**   /s/ *Michael I. Leonard*
Attorney for Defendant Rodney Ray

Michael I. Leonard
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: July 1, 2008

**CERTIFICATE OF SERVICE**

      I, Michael I. Leonard, an attorney, certify that on July 1, 2008 I caused a copy of Rodney Ray's Motion for Early Production of Exculpatory and Impeaching Information, to be served on the attorney(s) of record through the Court's ECF filing and notice system on July 1, 2008.

                                Respectfully Submitted,

**By:**    /s/ *Michael I. Leonard*
           Michael I. Leonard