IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CR 386-3 |
| | ) | Honorable Judge Coar |
| | ) | Magistrate Judge Ashman |
| RODNEY RAY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### RODNEY RAY'S MOTION TO SEVER HIM FROM CO-DEFENDANTS FOR PURPOSES OF TRIAL

Defendant, RODNEY RAY ("Mr. Ray"), by and through his undersigned attorney, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, moves this Court for the entry of an Order granting him severance from his co-Defendants for purposes of trial. In support of this Motion, Mr. Ray states as follows:

1. Rule 14 provides, in pertinent part, that "[I]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." See Rule 14(a). Thus, Rule 14 vests this Court with the "discretion to order separate trials if it appears that a defendant will be prejudiced by trying the offenses together." United States v. Smith, 308 F.3d 726, 736-737 (7th Cir. 2002)

2. A district court should grant a defendant's motion for severance "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Hughes, 310 F.3d 557 (7th Cir. 2002) (citations omitted); Smith, supra, 308 F.3d at 736 (7th Cir. 2002) ("motion to sever should be granted . . . where there is a serious risk of unfair prejudice that deprives the defendant of a fair trial"). For example, "the complexity of the charges," or "the spillover effect of testimony the Government offers against a co-defendant . . . may warrant a severance." Hughes, supra, 310 F.3d at 563. Similarly, "the risk that the jury would be confused or prejudiced" by a joint trial, or the risk that "the jury would be

overwhelmed by the sheer number of charges," may warrant separate trials. United States v. Abdelhaq, 246 F.3d 990, 992 (7th Cir. 2001).

3.  Here, the complexity of the charges, the multitude of Defendants, and the substantial probability that the jury will be both overwhelmed and confused in its attempts to appropriately segregate out and consider the evidence against Mr. Ray independently, warrant the severance of Mr. Ray's trial from that of his co-Defendants.

4.  Here, the Government alleges that Mr. Ray joined the alleged conspiracy just hours before the alleged co-conspirators were to purportedly rob a drug "stash house." At the time of his arrest, Mr. Ray was unarmed and had no means to even participate in this purported conspiracy. Mr. Ray's alleged "participation" varies greatly from that of his co-Defendants. Accordingly, there is the very real danger that the jury will simply view him in the light of his co-Defendants, and will not be able to separate out his alleged acts from those of his co-Defendants.

5.  Under these circumstances, the severance of Mr. Ray from his co-Defendants is the only procedural mechanism that can guarantee him a fair trial.

**WHEREFORE**, Defendant, Rodney Ray, by his undersigned counsel, respectfully requests the entry of an Order severing him from his co-Defendants for purposes of trial, and for such other and further relief as is appropriate under the circumstances.

                        Respectfully Submitted,

**By:**   /s/ *Michael I. Leonard*
        Attorney for Defendant Rodney Ray

Michael I. Leonard
Meckler Bulger & Tilson, LLP
123 North Wacker Drive, Suite 1800
Chicago, IL  60606
(312) 474-7925 (phone)
(312) 474-7898 (fax)
Dated: July 1, 2008

2

## **CERTIFICATE OF SERVICE**

      I, Michael I. Leonard, an attorney, certify that on July 1, 2008 I caused a copy of Rodney Ray's Motion to Server Him from Co-Defendants for Purposes of Trial, to be served on the attorney(s) of record through the Court's ECF filing and notice system on July 1, 2008.

                                          Respectfully Submitted,

**By:**    /s/ *Michael I. Leonard*
            Michael I. Leonard