UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) No. 08 CR 386 ) |
| SHAMONTE HALL, KORINDER GORDON and RODNEY RAY. | ) Judge Coar ) ) ) |

**GOVERNMENT'S CONSOLIDATED RESPONSE
TO DEFENDANTS' PRETRIAL MOTIONS**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, responds in one consolidated pleading to all of the defendants' pretrial motions.

**I.     BACKGROUND**

On June 11, 2008, defendants Shamonte Hall ("Hall"), Korinder Gordon ("Gordon") and Rodney Ray ("Ray") were charged in a five-count indictment with: (1) conspiracy to knowingly and intentionally possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Hall, Gordon and Ray); (2) attempt to knowingly and intentionally possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Hall, Gordon and Ray); (3) knowingly possessing firearms in furtherance of, and carrying firearms during and relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Hall Gordon and Ray); and (4) as felons-in-possession of firearms, in violation of 18 U.S.C. § 922(g) (Hall and Gordon).

On June 20, 2008, the Government provided the defendants with discovery pursuant to Local Criminal Rule 16.1 and Rule 16 of the Federal Rules of Criminal Procedure ("Rule 16"). In its Rule 16 letter ("Rule 16 letter"), which accompanied the discovery, the government offered to discuss with the defendants a timetable for disclosure of some documents it is required to produce and also agreed to the following:

1. preserve the written notes of government agents;

2. provide the defendants with identification and notification of evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) no later than one week prior to trial;

3. provide materials subject to 18 U.S.C. § 3500 no later than one week prior to trial, with the request that the defendants provide the government with any statements or reports relating to defense witnesses no later than one week prior to trial as well;

4. file its *Santiago* proffer no later than two weeks before trial; and

5. make its expert disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) no later than two weeks prior to trial.

In response, the defendants filed numerous discovery motions, as follows:

Defendant Hall has filed motions for: defendant's statements; arrest reports, notes and dispatch tapes; reports of scientific tests or examinations; expert witnesses; *Brady* material; evidence seized; request for preservation of evidence; tangible objects; evidence of bias or motive to lie; impeachment evidence; evidence of criminal investigation of any government witness; evidence affecting perception; names of witnesses; statement relevant to the defense; Jencks Act material; *Giglio* information; and, government examination of law enforcement personnel files.

Defendant Gordon has filed motions for: continuing disclosure of favorable evidence; an ordering compelling immediate disclosure of existence and substance of promises of immunity, leniency or preferential treatment; motion for disclosure of grand jury proceeding; a *Santiago* proffer by the government; production of informants; the government to give immediate notice of its intention to use evidence of other crimes; severance of trial from his co-defendants; a pretrial list of witnesses; right to file supporting memorandums or additional motions; and, to adopt the motions of co-defendants.

Defendant Ray has filed motions for: the preservation and production of agent notes; the production of 404(b) evidence; early production of exculpatory and impeaching evidence; severance of trial from his co-defendants; disclosure of testifying experts and production of reports containing their opinions, qualifications and testimonial experience; pretrial production of charts, summaries and calculations;

The short response to each discovery motion is that the government complied with its discovery obligations when it provided the defendants with discovery on June 20, 2008. The government will continue to provide discovery to the defendants on an ongoing basis as new materials become available. The government nonetheless responds to each motion below.

## II. MOTIONS COMMON TO TWO OR MORE DEFENDANTS[1]

### A. Impeaching or Exculpatory Information

All three defendant have filed motions for disclosure of favorable evidence. Their motions cite to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1982), and seek orders directing the government to disclose impeaching information. Defendants identify a number of items they consider impeaching evidence, and of which they seek disclosure. Rather than responding separately to the defendants' motions, the government responds generally regarding their motions for *Brady*, *Giglio* and Jencks Act materials.

#### 1. *Brady* and *Giglio* Materials

The government is aware of its obligations under *Brady* and *Giglio*, and will fully comply with its obligations sufficiently in advance of trial to allow defendants adequate time to prepare for cross-examination, without delaying the trial. "As long as ultimate disclosure is made before it is too late for the defendants to make use of any benefits of the evidence, Due Process is satisfied." *United States v. Ziperstein*, 601 F.2d 281, 291 (7th Cir. 1979).

To the extent defendants seek exculpatory evidence, the government acknowledges its ongoing duty to disclose *Giglio* materials and evidence favorable to defendants in this

---

[1] Here, the government responds to: Hall's motions for *Brady* material, *Giglio* information, evidence of bias or motive to lie, impeachment evidence, evidence of criminal investigation of any government witness, statements relevant to the defense, evidence affecting perception, names of witnesses favorable to defendant and government examination of law enforcement personnel files; Gordon's motions for continuing disclosure of favorable evidence; to compel immediate disclosure of the existence and substance of promises of immunity, leniency or preferential treatment; and Ray's motion for early production of exculpatory and impeaching information.

case.[2] The district courts in this circuit "have repeatedly held that where the government made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient." *United States v. Butler*, No. 93 CR 720, 1994 WL 69387, at *2 (N.D. Ill. Feb. 4, 1994). The government has, in any event, produced to the defendants the information currently in its possession which the defendants demand in their motions. To the extent the government becomes aware of any exculpatory or additional impeaching information that falls within this discovery request, the government will promptly produce this information to defendants before trial. Defendants motions should be denied as moot.

### 2. Jencks Act Material

To the extent defendants request pretrial production of government witness' statements as required by the Jencks Act, the Jenck Act itself and Federal Rule of Criminal Procedure 16(a)(2) expressly prohibit such pretrial disclosure. *See* 18 U.S.C. § 3500; *United States v. Williams*, 536 F.2d 1202, 1204 (7th Cir. 1976) (by "the express terms of 18 U.S.C. § 3500, the government could not have been required to deliver any 3500 material to defense counsel until the witness to whom the materials pertain had completed his testimony on direct examination"). Even though no pretrial disclosure is required, in its Rule 16 letter, the government agreed to provide any Jencks Act materials not already provided in previous discovery to defendants no later than one week before trial. In exchange, the government

---

[2]The government's acknowledgment of its obligations under *Brady* and *Giglio* is not an agreement to provide defendants with all of the materials requested in their motions. The government will abide by the law in this Circuit, and will provide the defendants will all of the materials to which they are entitled.

requests that the defendants provide the government with any statements or reports relating to defense witnesses no later than one week before trial. Defendants' motions should otherwise be denied.

### 3. Other Act Impeachment Evidence

Defendant Gordon requests that the government turn over all "other act" impeachment evidence for any witness, including the defendants and defense witnesses. This is a request for advance disclosure of material that might be used to impeach a defense witness under Federal Rule of Evidence 608(b). This request should be denied on the ground that Rule 608(b) material is not part of the government's case-in-chief, but merely potential impeachment evidence to be used in the event defendants, or another defense witness, testify at trial. The Seventh Circuit has held that "there is no general requirement that each side give notice of impeachment evidence." *United States v. Braxton*, 877 F.2d 556, 560 (7th Cir.1989).

In addition, specific instances of conduct under Rule 608(b) may *only* be used on cross-examination. As specific instances of conduct cannot be used in the government's case-in-chief, defendants are not entitled to discovery of evidence admissible solely under Rule 608(b). *See United States v. Messino*, 855 F. Supp. 955, 965 (N.D. Ill. 1994). Defendant's motion should be denied.

**B.    Evidence of Other Crimes, Acts or Wrongs Pursuant to 404(b)**

Defendants Gordon and Ray have moved for an order requiring the government to give immediate notice (requested by Gordon) or notice 60 days before trial (requested by Ray) of the government's intention to use evidence of bad acts pursuant to Federal Rule of Evidence 404(b).

Of course, the government has not yet determined whether it will offer any evidence under Rule 404(b) concerning defendants in its case-in-chief. In the event the government decides to offer such evidence, the government will comply with the dictates of Federal Rule of Evidence 404(b), which directs, upon request from the defendants, the prosecution to provide reasonable notice in advance of trial of the general nature of any 404(b) evidence that it intends to introduce at trial.

The government has already informed the defendants that it will provide the defendants with identification and notification of evidence it intends to introduce pursuant to Federal Rule of Evidence 404(b) no later than one week prior to trial. Accordingly, defendants' motions concerning the timing of the government's intention to use such material should be denied as moot.

**C.    Motions for Disclosure of Testifying Expert and Reports**

Defendants Hall and Ray have filed motions for disclosure by the government of its testifying experts, if any, and reports. The government has already agreed to provide the expert disclosures required by Federal Rule of Criminal Procedure 16(a)(1)(G) at least two weeks prior to trial. The government, in turn, requests that at least two weeks prior to trial,

the defendant provide the government with the expert disclosures required by Federal Rule of Criminal Procedure 16(b)(1)(C). Defendants' motions should be denied.

### D.    Motions for Severance

Defendants Gordon and Ray move to sever their cases from their respective co-defendants. These motions to sever should be denied as premature. *See United States v. Sims*, 808 F. Supp. 627, 628-629 (N.D. Ill. 1992) (finding similar motion to sever too vague, speculative and premature); *United States v. Isaacs*, 351 F. Supp. 1323, 1332 (N.D. Ill. 1972) (finding premature a motion for severance based on *Bruton* because "the Government has not identified the statements it will seek to introduce"); *United States v. Kevin*, No. 97 CR 763, 1999 WL 194749, at *12 (S.D.N.Y. April 7, 1999) (denying as premature defendant's motion for severance "because the Court does not know how many defendants will plead before trial or how other pre-trial motions might limit the scope of the trial.").

Defendants have not identified any basis to justify severance. Defendants do not specify any single piece of evidence that the government will elicit on examination of any witness. The government itself has not yet determined which statements it will seek to introduce at trial. Furthermore, at this early juncture in the case, it is unclear which co-defendant, if any, will plead guilty and actually testify at trial. Assuming *arguendo* all co-defendants plead guilty and agree to testify at trial, defendants' motions will be moot.

At present, the government opposes the severance of any defendant, relying upon the presumption in favor of joint trials of defendants indicted together and the important interests promoted thereby. *See generally Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987); *United*

*States v. Sophie*, 900 F.2d 1064, 1083 (7th Cir. 1990). Under the current circumstances, the reasons offered by the defendants in support of severance are not sufficient to override these considerations.

Notwithstanding its present opposition, the government acknowledges that as the case progresses toward trial and certain defendants plead guilty, changed circumstances may necessitate re-evaluation of the government's position. In light of the fact a trial date has not yet been set, the parties can only speculate as to the effect that developments such as guilty pleas will have on assessing the propriety of severance requests in the future.

### III. MOTIONS PARTICULAR TO DEFENDANT HALL[3]

#### A. Motion for Defendant Hall's Statements

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedures requires the government to provide the defendant with his oral statements and written and recorded statements. As to defendant Hall, the government has complied with Rule 16(a)(1)(A).

#### B. Motion for Arrest Reports, Notes and Dispatch Tapes

Even though the defendant is not entitled to receive copies of arrest reports that do not contain his statements, the government has provided him with copies of all arrest reports for this case. To the extent that the defendant's request for notes calls for Jencks Act material, the defendant is entitled to receive such notes only after the witness has testified on direct examination and certain other criteria are met. Nonetheless, in its discovery letter, the

---

[3] Here the government responds to motions filed only by defendant Hall.

government agreed to provide Section 3500 material no later than one week before trial. The government is not currently aware of any dispatch tapes, but will produce any such tapes if the tapes are found to exist.

### C.    Motion for Reports of Scientific Tests or Examinations

Pursuant to Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, the government has provided the defendant with reports of scientific tests and examinations.

### D.    Motion for Evidence Seized

In its Rule 16 letter to the defendant, the government advised the defendant that certain items were recovered from defendant at the time of his arrest, including his cell phone, which was searched pursuant to a warrant. The government further advised defendant that the items were available for his inspection.

### E.    Request for Preservation of Evidence

In its Rule 16 letter to the defendant, the government has agreed to preserve the written notes of the agents.

### F.    Motion to Inspect and Copy Tangible Objects

In its Rule 16 letter to the defendant, the government advised the defendant that certain items were recovered from defendant at the time of his arrest, including his cell phone. The government further advised defendant that the items were available for his inspection.

## IV. MOTIONS PARTICULAR TO DEFENDANT GORDON[4]

### A. Disclosure of Grand Jury Proceedings

Defendant Gordon has filed a motion for disclosure of grand jury proceedings pursuant to Federal Rule of Criminal Procedure 6(e)(3)(c). Rule 6(e)(3)(c) provides that an attorney for the government may disclose any grand jury matter to another federal grand jury. Defendant Gordon's motion should be denied because Rule 6(e)(3) provides no basis for disclosing grand jury materials to a defendant.

Moreover, the government has already agreed to produce materials required to be disclosed pursuant to 18 U.S.C. § 3500 and *Giglio v. United States,* 405 U.S. 150 (1972), no later than one week before trial. Such material will include transcripts of the grand jury testimony of any witness who testifies at trial. The government objects to Gordon's motion to the extent that it requests disclosure of the grand jury testimony of any person who the government does not call as a witness at trial. Because Gordon is not entitled to this material, his motion should be denied.

### B. Motion for a *Santiago* Proffer

Defendant Gordon has filed a motion for an order directing the government to file a *Santiago* proffer before permitting any hearsay to be used against the defendants. In its Rule 16 letter, the government agreed to file a *Santiago* proffer, if necessary, no later than two weeks before trial. Accordingly, defendant Gordon's motion should be denied as moot.

---

[4] Here the government responds to motions filed only by defendant Gordon.

## C. Motion for the Production of Informants

Defendant Gordon has moved the Court for an order requiring the government to produce all informants utilized in the investigation of this case for interview by defense counsel. Defendant fails to make any argument on behalf of this motion or to identify any legal precedent in support of such motion. Moreover, the identity of any confidential informants used in this investigation are protected by the confidential informant privilege. *See United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). In order to overcome this privilege, the defendant bears the burden of demonstrating a need for this information. *Id.* Because Gordon has failed to demonstrate a need for this information, or to provide any basis whatsoever for his motion, this motion should be denied.

## D. Motion for a Pretrial List of Witnesses

Defendant Gordon seeks an order that the government provide a list of witnesses that the government intends to call, and does not intend to call, at trial. The government objects to this motion to the extent that it seeks disclosure not required by statute or rule. However, the government will agree to provide a witness list to Gordon one week before trial if the Gordon agrees to provide a list of his witnesses at the same time.

## E. Motion to File Supporting Memorandums and Additional Motions

Defendant Gordon has filed a motion reserving the right to file supporting memorandums and additional motions. The government has no objection to defendant's request, as long at the government has a reasonable amount of time to respond to any such motions before trial.

### F.      Motion to Adopt Motions Filed by Co-defendants

Defendant Gordon has moved to adopt the motions of his co-defendants. The government objects to the wholesale adoption of motions by co-defendants. The motions filed by a particular defendant in this case should be individually tailored to that defendant's particular needs and concerns. Defendants must also demonstrate standing to make a particular motion. Neither the government nor the Court should be expected to determine which of co-defendants' motions are applicable to a specific defendant, or to predict, anticipate or speculate as to a specific defendant's position on a particular motion or issue, or to reply or rule on an adopted motion. *See Sims*, 808 F. Supp. at 602 ("Bare bones motions to adopt are routinely denied"). The government simply requests that Gordon review the motions filed by his co-defendants and file a statement which sets forth the particular motion to be adopted and why. Such a practice protects the record in the event of appeal.

### V.     **MOTIONS PARTICULAR TO DEFENDANT RAY**[5]

#### A.      Motion for an Order Directing the Government to Preserve and Produce Agent Notes.

Defendant Ray has filed a motion for an order directing the government to preserve the original notes prepared by any member of law enforcement (including any AUSA), or any member of any agency or investigative agency in connection with any interviews that relate to this action, to produce all such notes at least 60 days before trial and to immediately disclose whether any such notes have been lost or destroyed.

---

[5]Here the government responds to motions filed only by defendant Ray.

The government previously agreed to preserve the written notes of government agents. Pursuant to the Jencks Act, the defendant is only entitled to such notes after the witness has testified on direct examination, and even then only if the notes are: (1) statements made by the witness and signed or otherwise adopted or approved by him; or (2) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statements; or (3) a statement of the witness to the grand jury. *See* 18 U.S.C. § 3500.

The government has already agreed to produce any statement falling into the categories set forth in Section 3500 no later than one week before trial. To the extent that the defendant seeks production of any notes that do not fall into the categories identified above, he is not entitled to them. *See United States v. O'Malley*, 796 F.2d 891, 900 (7th Cir. 1986) (Assistant United States Attorney's notes of a witness interview were not required to be produced pursuant to the Jencks Act because there was no evidence that the notes were either a substantially verbatim transcript of the witness' remarks or a written statement made, adopted or approved by him); *United States v. Starnes*, 644 F.2d 673, 680-81 (7th Cir. 1981) (same holding with respect to an FBI agent's notes of a witness interview); *United States v. Spatuzza*, 331 F.2d 214, 218 (7th Cir. 1964) (Assistant United States Attorney's notes of a witness interview were not required to be produced pursuant to the Jencks Act even where the notes were read back to the witness, as the notes neither a substantially verbatim

14

transcript of the witness' remarks nor a written statement made or approved by the witness).

For these reasons, Ray's motion should be denied.

### B.  Motion for Pretrial Production of Charts, Summaries and Calculations

Defendant Ray requests that the government provide him with final versions of the government's charts, summaries and calculations at least 60 day before trial.  This request premature and overly burdensome given that a trial date has not even been set, yet.  Ray's motion should be denied.

## VI.  GOVERNMENT'S MOTIONS

### A.  Motion for Reciprocal Discovery

The government, pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure, moves this Court to enter an order requiring defendants to make available immediately for inspection by the government:

1. the opportunity to inspect and copy anything that the defendants' may mark as an exhibit at trial;

2. the results of any examination or test that the defendants may raise at trial;

3. notice of any alibi or similar defense the defendants intends to raise, including the defense of necessity or coercion and any defense asserting the defendants' unavailability, on or near the dates named in the information; and

4. notice of any defense that may possibly be raised of a mental defect inconsistent with the state of mind required for the offense charged.

The disclosures requested are specifically covered by the Federal Rules of Criminal Procedure, and were requested by the government in its Rule 16 letter. Moreover, defendants have been given discovery by the government.  Therefore, it is appropriate that defendants

now make the reciprocal disclosures that the rules of criminal procedure require, since, "[d]iscovery must be a two-way street." *Wardius v. Oregon*, 412 U.S. 470, 475 (1973).

### B. Motion for Early Return of Trial Subpoenas

The government moves this Court for an order permitting the government to issue subpoenas calling for the production of documents before trial pursuant to Federal Rule of Criminal Procedure 17(c). In support of this motion, the government states that it anticipates that the government may need to secure documents from third parties in preparing for trial. The government further states that in order to have sufficient time to review and analyze the documents, the government be given leave to issue subpoenas calling for the immediate production of materials, as permitted by Rule 17(c).

          Respectfully submitted,
          PATRICK J. FITZGERALD
          United States Attorney

          By:  /s/ Kenneth E. Yeadon
               KENNETH E. YEADON
               Assistant United States Attorney
               219 South Dearborn Street
               Chicago, Illinois 60604
               (312) 353-5326

Dated: July 11, 2008

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

Government's Consolidated Response to Defendants' Pretrial Motions

were served on July 11, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Kenneth E. Yeadon
KENNETH E. YEADON
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 353-5326